UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOSEPH EARL GIBBS,

        Petitioner,

v.                                                                      CASE NO. 07-15080
                                                                       HONORABLE VICTORIA A. ROBERTS

THOMAS K. BELL,

        Respondent.
_____/

**<u>OPINION AND ORDER</u>**
**<u>(1) GRANTING RESPONDENT'S MOTION TO DISMISS,</u>**
**<u>(2) DISMISSING THE HABEAS PETITION WITH PREJUDICE, AND</u>**
**<u>(3) DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY</u>**

Petitioner Joseph Earl Gibbs has filed a *pro se* Habeas Corpus Petition under 28 U.S.C. § 2254. The Habeas Petition challenges Petitioner's sentence of life imprisonment for armed robbery, kidnapping, and criminal sexual conduct. Respondent Thomas K. Bell argues in a Motion to Dismiss the Habeas Petition that Petitioner has failed to comply with the one-year statute of limitations. The Court agrees. Therefore, Respondent's Motion will be granted, and the Habeas Petition will be dismissed.

**I. Background**

On February 19, 1986, a circuit court jury in Saginaw County, Michigan found Petitioner guilty of two counts of armed robbery, MICH. COMP. LAWS § 750.529, two counts of kidnapping, MICH. COMP. LAWS § 750.349, two counts of first-degree criminal sexual conduct, MICH. COMP. LAWS § 750.520b, and one count of felony firearm, MICH. COMP. LAWS § 750.227b. The trial court sentenced Petitioner to two years in prison for the felony firearm conviction, followed by

six concurrent terms of life imprisonment for the other convictions.

Petitioner filed two unsuccessful motions for a new trial. On appeal from his convictions, Petitioner argued that (1) the trial court abused its discretion in denying his motion for new trial, (2) he was denied a fair and impartial jury trial by the prosecutor's exclusion of African Americans from the jury, (3) the evidence was insufficient to support one count of criminal sexual conduct, and the jury instruction on criminal sexual conduct was erroneous, (4) the kidnaping conviction was against the great weight of the evidence, (5) the prosecutor introduced irrelevant and prejudicial testimony about blood group testing, and (6) the trial court erred in admitting evidence of a co-defendant's fingerprints. The Michigan Court of Appeals was unpersuaded by these arguments and affirmed Petitioner's convictions in an unpublished, *per curiam* opinion. *See People v. Gibbs*, No. 93027 (Mich. Ct. App. May 31, 1988). The Michigan Supreme Court denied leave to appeal on December 20, 1988, because it was not persuaded to review the issues. *See People v. Gibbs*, No. 83595 (Mich. Sup. Ct. Dec. 20, 1988).[1] Reconsideration was denied on March 29, 1989.

On February 27, 1992, Petitioner filed a motion for relief from judgment in which he argued that (1) he was denied his right to counsel at a photographic lineup, (2) the photographic line-up was suggestive, and trial counsel should have objected to it, (3) he was denied his right to an impartial jury by the prosecutor's use of peremptory strikes against African Americans, and (5) his sentence was disproportionate, as well as, cruel and unusual punishment. The trial court denied Petitioner's motion, and the Michigan Court of Appeals denied leave to appeal for lack of

---

[1] Justices Charles L. Levin, Dennis W. Archer, and Robert P. Griffin voted to remand the case to the trial court for an evidentiary hearing on Petitioner's claim under *Batson v. Kentucky*, 476 U.S. 79 (1986).

merit in the grounds presented. *See People v. Gibbs*, No. 151057 (Mich. Ct. App. Sept. 15, 1992). On February 26, 1993, the Michigan Supreme Court denied leave to appeal for failure to establish entitlement to relief under Michigan Court Rule 6.508(D). *See People v. Gibbs*, 442 Mich. 855; 498 N.W.2d 742 (1993) (table).

Petitioner raised his habeas claims in a second motion for relief from judgment, which he filed on January 3, 2006. The trial court denied his motion, and the State's appellate courts denied leave to appeal, citing Michigan Court Rule 6.508(D). *See People v. Gibbs*, No. 269866 (Mich. Ct. App. Oct. 26, 2006); *People v. Gibbs*, 478 Mich. 924; 734 N.W.2d 54 (2007).

Petitioner filed his habeas corpus petition on November 29, 2007. The grounds for relief read as follows:

> I. The sentences imposed on Defendant are invalid because the court did not comply with essential constitutional and procedural requirements when imposing sentence does not warrant the vacation of his sentence and remand for resentencing because he was denied his constitutional right to allocution before sentencing.
>
> II. The sentences imposed on Petitioner are invalid because the court failed by its own admission to individualize and tailor the sentences to fit both the circumstances of the Petitioner and the case doe[s] require a remand for resentencing.
>
> III. The six indeterminate life sentences imposed on this 18 years-old offender constituted such an abuse of discretion that it should shock this Court's judicial conscience requiring a remand for resentencing.
>
> IV. The petitioner has established he is entitled to remand for resentencing where he demonstrated good cause for the failure to raise the present grounds for relief on appeal or in a prior motion due to the ineffective assistance of appellate counsel and actual prejudice resulting from the imposition of the legally and constitutionally invalid sentences.

**II. Discussion**

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) established a one-year statute of limitations for habeas petitions filed by state prisoners. *See* 28 U.S.C. § 2244(d). The period of limitations runs from the latest of:

> **(A)** the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> **(B)** the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> **(C)** the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> **(D)** the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). Petitioner is not asserting a new constitutional right or a factual predicate that could not have been discovered earlier. Nor has he alleged that a state-created impediment prevented him from filing a timely habeas petition. Therefore, subsection 2244(d)(1)(A) is the only relevant subsection here.

Petitioner's conviction became final for purposes of subsection 2244(d)(1)(A) in 1989 at the conclusion of direct review. The AEDPA was enacted on April 24, 1996. For inmates like Petitioner, whose convictions became final before the AEDPA was enacted, there was a grace period of one-year, or until April 24, 1997, to file their habeas petitions. *Brown v. O'Dea*, 187 F.3d 572, 577 (6th Cir. 1999), *vacated on other grounds*, 530 U.S. 1257 (2000). Petitioner filed his habeas corpus petition over ten years after the April 24, 1997 deadline expired. His habeas petition clearly is time-barred, absent tolling.

**A. Statutory Tolling**

"[T]he one-year limitation period is tolled for the 'time during which a properly filed application for State or other collateral review with respect to the pertinent judgment or claim is pending.' 28 U.S.C. § 2244(d)(2)." *Ege v. Yukins*, 485 F.3d 364, 371-72 (2007). Petitioner's first motion for relief from judgment did not affect the statute of limitations because it was filed in 1992 before the AEDPA was enacted. His second motion for relief from judgment had no impact on the limitations period, because the statute of limitations had expired by the time Petitioner filed his motion in 2006. *Hargrove v. Brigano*, 300 F.3d 717, 718 n.1 (6th Cir. 2002).

### B. Equitable Tolling

Equitable tolling applies to the one-year limitations period for habeas petitions, *Dunlap v. United States*, 250 F.3d 1001, 1003 (6th Cir. 2001), but a petitioner who seeks equitable tolling generally "bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). Courts in this Circuit ordinarily must consider and balance the following four factors:

> (1) lack of actual notice of filing requirement; (2) lack of constructive knowledge of filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the defendant; and (5) a plaintiff's reasonableness in remaining ignorant of the notice requirement.

*Andrew v. Orr*, 851 F.2d 146, 151 (6th Cir. 1988). "Ultimately, the decision whether to equitably toll a period of limitations must be decided on a case-by-case basis." *Miller v. Collins*, 305 F.3d 491, 495 (6th Cir. 2002).

Lack of prejudice to the respondent is not an independent basis for invoking the doctrine of equitable tolling, *Baldwin County Welcome Ctr. v. Brown*, 466 U.S. 147, 152 (1984), and Petitioner has not alleged that he lacked notice or knowledge of the filing requirement. Nor has

he alleged that some extraordinary circumstance prevented him from filing a timely habeas petition. In addition, the procedural history of this case demonstrates that Petitioner has not been diligent in pursuing his claims. He presents issues that could have been raised on appeal, in his first motion for relief from judgment, or during the one-year grace period. **III. Conclusion**

The habeas petition is time-barred, and neither statutory tolling, nor equitable tolling, are appropriate. Consequently, Respondent's Motion to Dismiss [Doc. 5, June 3, 2008] is **GRANTED** and the Habeas Petition [Doc. 1, Nov. 29, 2007] is **DISMISSED** with prejudice. The Court **DECLINES** to grant a certificate of appealability because reasonable jurists would not debate whether the petition states a valid claim of the denial of a constitutional right or whether the Court's procedural ruling is correct. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

S/Victoria A. Roberts
Victoria A. Roberts
United States District Judge

Dated: August 4, 2008

The undersigned certifies that a copy of this document was served on the attorneys of record and pro se petitioner by electronic means or U.S. Mail on August 4, 2008.

s/Carol A. Pinegar
Deputy Clerk